
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30112 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00113-BMM-1 |
| v. | |
| KEVIN J. DEVEREAUX, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 9, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Kevin Devereaux appeals his jury conviction for aggravated sexual abuse,

assault resulting in serious bodily injury, and burglary. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Devereaux contends that the district court erred by posing a series of non-substantive questions to a child witness at the beginning of her testimony before the jury. Devereaux argues that the court's questions amounted to a competency examination, which may only be conducted outside the jury's presence, 18 U.S.C. § 3509(c)(6). However, no competency examination took place. A child witness "is presumed to be competent," *id.* § 3509(c)(2), "[a] competency examination regarding a child witness may be conducted by the court only upon written motion and offer of proof of incompetency," *id.* § 3509(c)(3), and "[a] competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist," *id.* § 3509(c)(4). None of those criteria were met.

The fact that the district court's questions could have been asked during a competency examination does not render them improper. The court was well within its authority to pose the same questions as part of a non-standard oath or affirmation, Fed. R. Evid. 603, and, as always, had broad authority to "examine a witness" Fed. R. Evid. 614(b), as it did here. *Kentucky v. Stincer*, 482 U.S. 730 (1987), the principal authority upon which Devereaux relies, cuts firmly against his position because, in that case, the Court expressly approved of the fact that

competency-related questions could have been, and were, repeated in open court before the jury. *See id.* at 733-34, 740.

Furthermore, even if the district court erred, and assuming that any error would have required exclusion of the child witness's testimony, we would still affirm. The child witness's testimony had no bearing whatsoever on Devereaux's conviction for aggravated sexual abuse, and Devereaux's assault and burglary convictions were supported by other substantial evidence, including the victim's testimony, the victim's daughter's testimony, and the testimony of emergency room professionals who treated the victim. As a result, any alleged error was harmless. *See Arnold v. Runnels*, 421 F.3d 859, 867 (9th Cir. 2005).

**AFFIRMED.**

14-30112